913

In re McCUNE.
No. 19148.

District Court, W. D. Pennsylvania.
Feb. 24, 1936.

Carroll Caruthers, of Greensburg, Pa., for petitioner.

Gregg & Copeland, of Greensburg, Pa., for mortgagee.

SCHOONMAKER, District Judge.

April 15, 1935, Mary Josephine McCune filed a petition under section 75 of the Bankruptcy Act (as added by Act March 3, 1933, § 1, 47 Stat. 1470, as amended), asking that her petition be referred to a conciliation commissioner, as authorized by law, in order to effect a composition with her creditors or an extension of her debts.

She averred in her petition that she is a farmer residing on a farm in Westmoreland county, Pa., containing 140 acres, on which she resides. She also averred that, among other liens on this property, there was a mortgage to Bessie E. Lauffer in the principal sum of $2,700, upon which interest had accrued to the amount of $891. She filed with this petition her schedules in bankruptcy, showing the ownership of this real estate and no personal property whatsoever.

On the same day this court made an order approving this petition as properly filed under section 75 of the Bankruptcy Act, and referring the case to a conciliation commissioner.

On June 13, 1935, Bessie E. Lauffer, the mortgagee, came into court by petition, averring: (1) That said Mary Josephine McCune is not a farmer, but a housewife, and does not live on, or cultivate, the farm covered by the mortgage; and (2) that subsection (s) of section 75 of the Bankruptcy Act (48 Stat. 1289) is unconstitutional; asking that debtor's petition be dismissed. The court granted a rule on Mary Josephine McCune, returnable June 25, 1935, at 10 o'clock a. m. Debtor filed no answer, and on June 26, 1935, this court entered a consent order dismissing the petition under section 75 of the Bankruptcy Act, in view of the opinion of the Supreme Court holding subsection (s) of that act unconstitutional in Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106.

On November 9, 1935, Mary Josephine McCune filed a petition in this court, asking that her original petition be reinstated herein, and that the order of June 26, 1935, dismissing it, be vacated under the authority of the Act of Congress of August 28, 1935, c. 792, § 6, 49 Stat. 943 (11 U.S.C.A. § 203 (s). Thereupon, an order was made the same day reinstating the petition, and the case was then referred to a conciliation commissioner for further proceeding under the act. No proceedings have thus far been had before the commissioner.

On January 21, 1936, the mortgagee, Bessie E. Lauffer, again came into court and moved again to dismiss the petition in the case, because: (1) No action has been taken since the reference to the conciliation commissioner on November 9, 1935; (2) said Mary Josephine McCune is not a farmer; (3) the Act of Congress of August 28, 1935, is unconstitutional and void, in that Congress has no authority to confer on courts of bankruptcy jurisdiction of property where foreclosure proceedings have been had in the state courts and the time for redemption has been lost to the owner, it being alleged in the motion that said Bessie E. Lauffer has obtained judgment in foreclosure proceedings on her mortgage in the court of common pleas of Westmoreland county, Pa., and has issued a writ of levari facias to the sheriff of that county to sell the mortgaged property, and this at a time antecedent to the reinstatement of this case in this court; and (3) the said act of Congress is unconstitu-

914

tional, in that it violates the Fifth Amendment to the Constitution of the United States in the taking of private property without due process of law.

■ As to the first reason given for the dismissal, i. e., lack of action by the conciliation commissioner, that would not be a proper reason for dismissal of the petition, but might be just cause for the court to require him to proceed. As to this status of the case, the court is advised that the commissioner has been asked to withhold proceedings to permit the raising before this court of the question of the constitutionality of the act of 1935.

As to the second reason, i. e., that the petitioner is not a farmer within the meaning of subsection (r) of section 75 of the act (as amended by Act May 15, 1935, § 3, 49 Stat. 246, 11 U.S.C.A. § 203 (r), we have only to say that we have no evidence now before us upon which we could decide this matter. The sworn petition alleges that she is a farmer residing on a farm. In opposition to this, we have only the assertion in the motion filed January 21, 1936, that she is not a farmer. If this ground of objection is pressed, we shall be glad to set the case down for an early hearing and receive evidence as to whether the petitioner is, or is not, a farmer within the meaning of the act.

■ As to the third reason urged by the mortgagee, i. e., the alleged unconstitutionality of the act of 1935, we can only say that the reading of the case of Louisville Bank v. Radford, supra, does raise a doubt in our mind as to the constitutionality of the act of 1935. Yet we are not so firmly convinced of its unconstitutionality as to justify us in a trial court in declaring the act unconstitutional, for we can conceive that the Supreme Court might, in view of their ruling in the Minnesota mortgage case, Home Building & Loan Association v. Blaisdell, 290 U.S. 398, 54 S.Ct. 231, 78 L.Ed. 413, 88 A.L.R. 1481, that a two-year mortgage moratorium was not unreasonable, hold that the three-year moratorium provisions of the act of Congress of 1935 does not violate the due process clause of the Fifth Amendment to the Constitution.

It may be noted, too, that various District Courts have declared this act to be unconstitutional and void, and that others have held it to be constitutional and valid. In addition, the Circuit Court of Appeals of the Seventh Circuit in Re Lowmon, 79 F.

(2d) 887, has held the act to be constitutional.

The motion to dismiss the debtor's petition will be denied, without prejudice to the right of Bessie E. Lauffer to raise by appropriate pleading the issue of fact as to whether or not Mary Josephine McCune is, in fact, a farmer within the meaning of the act of Congress.