**In re McINTYRE.**

No. 18852.

District Court, W. D. Pennsylvania.

Dec. 2, 1936.

Edwin B. Goldsmith, of Pittsburgh, Pa., for Union Joint Stock Land Bank.

Chas. E. Harrington, of Kittanning, Pa., for bankrupt.

J. D. Daugherty, of Kittanning, Pa., referee.

SCHOONMAKER, District Judge.

In these proceedings the bankrupt, as a farmer debtor within the purview of the Frazier-Lemke Act, filed his petition for composition and extension under section 75 of the Bankruptcy Act (as added by Act March 3, 1933, § 1, 47 Stat. 1470, as amended by Acts June 7, 1934, §§ 8, 9, and June 28, 1934, 48 Stat. 925, 1289). Being unable to effect a composition, he was adjudged a bankrupt on February 4, 1935.

On February 18, 1935, on bankrupt's petition, appraisers were appointed, who, on April 18, 1935, appraised the farm, subject to the mortgage of the Union Joint Stock Land Bank of Detroit, at $6,245. The referee never approved this appraisal.

On May 27, 1935, the Supreme Court, in Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L. Ed. 1593, 97 A.L.R. 1106, declared this Frazier-Lemke Act to be unconstitutional and void. Whereupon, the Union Joint Stock Land Bank of Detroit, holder of a mortgage against this property for .$15,-400.57, with interest from October 13, 1932, issued an execution on a judgment which the bank had recovered against McIntyre on the bond accompanying the mortgage in the court of common pleas of Armstrong county, Pa., on October 13, 1932.

On August 28, 1935, the President approved the amendment to the Frazier-Lemke Act (11 U.S.C.A. § 203), which reinstated all former proceedings held invalid by virtue of the decision in Louisville Joint Stock Land Bank v. Radford, 295 U. S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A. L.R. 1106.

On August 25, 1935, the bankrupt applied for an injunction to restrain the bank from proceeding with its execution, and on September 25, 1935, the court granted the injunction prayed for. Then, December 17, 1935, the bank filed in this court a petition for the dissolution of this injunction on the ground that the bankrupt had not acted in good faith and was not entitled to relief under the amendatory Frazier-Lemke Act of August 28, 1935, and that this act was unconstitutional and void. The bankrupt answered this petition on January 9, 1936, averring that he was entitled to proceed under this amendatory act of 1935; that he had acted in good faith; and that the act in question was constitutional and valid. The case was then set down for hearing on this petition and answer, and heard by the court on August 4, 1936.

As to the constitutional question, we held in Re Mary Josephine McCune, 17 F.Supp. 913, that this act of 1935 was not so clearly unconstitutional as to justify a trial court in so declaring. We adhere to that view. It may be noted that several courts have held it to be unconstitutional, and others have held it to be constitutional.

In this connection, it should be noted that the Supreme Court, on October 12, 1936, denied a certiorari (Phoenix Joint Stock Land Bank v. Hotsenpiller, 57 S.Ct. 16, 17, 81 L.Ed. ——, ——) to review the judgment of the District Court, W. D. Missouri, In re Bennett, 13 F.Supp. 353, in which Otis, District Judge, held the act to be constitutional.

That leaves for consideration the question of whether the farm covered by the bank's mortgage is subject to administration in this court in the instant case, in view of a prior bankruptcy of McIntyre at No. 17814, and whether or not the petition in the instant case is filed in good faith.

On the first point, it appears that the bankrupt, on November 1, 1932, filed his petition in bankruptcy in this court at No. 17814, and scheduled the property here involved among his assets; that on March 1, 1933, William M. Heilman, trustee in bankruptcy, filed his petition for leave to abandon all title to the realty and coal rights of the bankrupt, because there was no equity therein for unsecured creditors on account of good and valid liens against it in excess of the real value of the property; that on March 30, 1933, the referee in bankruptcy made an order authorizing the trustee to abandon this real estate as burdensome property; that on July 20, 1933,

the bankrupt was discharged in this proceeding.

The adjudication in bankruptcy in the instant case at No. 18852 was made on February 4, 1935, and therefore this adjudication was within six years of the prior adjudication.

McIntyre contends that under section 75 (s) (5), title 11 U.S.C.A. § 203 (s) (5), a previous discharge under another section of the Bankruptcy Act is not proper ground for denying him the benefits of this section.

 If the bankrupt were applying for discharge in the present proceeding, he might properly be denied a discharge under section 14 of the Bankruptcy Act, as amended (section 32, title 11 U.S.C.A.), because the application for discharge was made within six years of the previous discharge, but that fact of itself would not bar any other relief he might be entitled to under section 75 of the Bankruptcy Act.

As to the effect to be given to the abandonment of this mortgaged farm by the trustee in the former bankruptcy proceeding, that abandonment, of course, left the mortgagee free to pursue the foreclosure of its mortgage lien against the property abandoned. That fact would not, of itself, estop the bankrupt from seeking relief under section 75 of the Bankruptcy Act, if his petition for relief thereunder is made in food faith.

We cannot find in the record any evidence of bad faith on his part in asking for relief under the amendatory act of 1935, which would give him relief by way of a three-year moratorium. The case, up to the present time, has not proceeded in accordance with the provisions of the amendatory act of 1935. It has proceeded so far as to have an appraisal made, but this appraisal has not been approved by the referee. Therefore, there has been no opportunity for the mortgagee to file objections or exceptions thereto. The referee will therefore proceed to pass on the appraisal already made, and if he approves, hear any objections thereto, subject to any appeal on final approval by the referee of the appraisal. The referee shall further hear and determine what would be a reasonable rental to be paid by the bankrupt during the proposed three-year moratorium period, and report his findings in respect thereto to the court. Whereupon, the court will make such further order in the case as the circumstances of the case require, in accordance with the provisions of the statute. The present injunction order of the court, dated September 25, 1935, will not be dissolved, but will stand pending further proceeding under the Bankruptcy Act, as herein outlined.

An order in accordance with this opinion may be submitted.